**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ERIKA CORDOVA,

    Plaintiff - Appellant,

v.

TEXTRON AVIATION, INC.,

    Defendant - Appellee.

No. 25-3092
(D.C. No. 6:23-CV-01233-DDC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Erika Cordova, pro se, sued her employer, Textron Aviation, Inc., alleging
unlawful discrimination based on sex (female), race (Hispanic), and national origin
(Mexico), and further alleging retaliation for opposing that discrimination. She now
appeals the district court's grant of summary judgment in favor of Textron. We have
jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.    BACKGROUND & PROCEDURAL HISTORY

Textron builds aircraft, and Cordova worked (and continues to work) on a Textron assembly line.  She sued Textron in late 2023, alleging violations of Title VII and 42 U.S.C. § 1981.  She claimed unlawful discrimination based on the following allegations:

- her Caucasian male supervisor observed her and demanded progress reports from her much more frequently and aggressively as compared to other employees;

- her supervisor transferred some of her work to a new (male) employee;

- her supervisor took an unreasonably long time to solve a workplace safety issue affecting her;

- her supervisor commented that Cordova could "pose . . . even better than before" on a new stepstool (part of the workplace safety solution just mentioned) and then winked at her, R. at 162 (internal quotation marks omitted);

- Cordova felt intimidated when a Caucasian female coworker showed Cordova her phone screen, which was displaying Cordova's personal information—information the coworker got from the Kansas State Treasury website, which showed that certain unclaimed property belonged to Cordova; and

- Cordova walked by a different female coworker who said "fuck you, bitch" to her, R. at 91, ¶ 13.

Cordova further alleged that all of these incidents took place between January and June 2022.

The district court held a pretrial conference at the close of discovery, before any party had filed for summary judgment.  At that conference, the court gave Cordova a deadline by which to move to appoint counsel under 28 U.S.C. § 1915(e).

2

Cordova timely filed such a motion, and the district court appointed an attorney willing to take Cordova's case, but only for purposes of responding to Textron's anticipated summary judgment motion.

Textron soon filed for summary judgment on all claims. Through counsel, Cordova responded in opposition. The district court issued a 54-page order thoroughly examining all of Cordova's claims and all of the evidence the parties submitted. The district court noted that Cordova sometimes asserted facts or disputed Textron's asserted facts through mere say-so, i.e., with no citation to evidence in the record. Ultimately, as to all of Cordova's claims, the district court concluded she had not presented evidence from which a reasonable jury could find in her favor. The district court therefore granted Textron's motion and entered final judgment against Cordova.

Cordova's appointed counsel withdrew, and Cordova timely filed a pro se notice of appeal, leading to this proceeding.

## II.    ANALYSIS

We review de novo a district court's grant of summary judgment. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

### A.    Exhibit E and the Alleged Deception

Most of Cordova's arguments on appeal revolve around an allegation that, in the run-up to the pretrial conference, Textron's attorney took advantage of Cordova's pro se ignorance and told her she would not need to present evidence until trial, thus misleading her into *not* attaching evidence to her summary judgment response. She

therefore claims she was deprived of a fair adjudication based on the defendant's allegedly deceptive conduct.  Exhibit E to her opening brief contains the evidence she claims she would have attached to her summary judgment response but for the deception.

There are three significant problems with this argument.  The first is that the e-mail containing the supposedly misleading instructions (also attached to Cordova's opening brief) shows Textron's attorney never said anything like what Cordova represents.  Again, the relevant exchange occurred as the parties were preparing for a final pretrial conference to be held before the summary judgment phase.  It begins with Cordova saying, "Good morning Luke, this is Erika Cordova, to my understanding when I spoke to you, you don't need the exhibits[] at this time[,] Right?"  Aplt. Opening Br., Ex. D.  Textron's attorney responds,

> That is correct - we do not need to prepare a list of trial exhibits at this time.  When we do the pretrial order, we will put together a proposed list of exhibits.  If you have documents that you intend to use as an exhibit that have not been produced, we would like copies of those.

*Id.*  This exchange has nothing to do with summary judgment obligations and it cannot be reasonably interpreted as an attempt to mislead the plaintiff about those obligations.

The second problem with Cordova's argument is that she was represented by counsel when she responded to Textron's summary judgment motion, and her response brief included about ninety pages of exhibits (e.g., deposition excerpts, internal documents produced by Textron, etc.).  Cordova offers no reason why she

4

could not have included her Exhibit E evidence along with all the other evidence she submitted in support of her response brief.

The third problem is that Cordova merely references Exhibit E without explaining how the materials in that exhibit would have changed the outcome. She leaves it to us to discern what materials relate to what claims and how those materials might have affected any of the district court's specific rulings. That is not our role. Although we construe pro se papers liberally, pro se litigants "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). This includes the requirement that Cordova specify her "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies." Fed. R. App. P. 28(a)(8)(A). This court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B.    Remaining Arguments

Cordova presents only two arguments that are not necessarily connected to the alleged deception and Exhibit E. Those arguments are: (1) analyzing the hostile-environment claim, the district court failed to consider the cumulative impact of all the discriminatory incidents alleged; and (2) the district court did not address allegations of sexual harassment. Both arguments are unsupported, and they are also incorrect. As to cumulative impact in the hostile-environment context, the district court said that all of the alleged events, "even taken together, as the totality of the

5

circumstances analysis requires[,] don't add up to the kind of repeated, constant, frequent behavior" required to sustain a hostile-environment claim.  R. at 323.  And as to the allegations of sexual harassment, the district court enumerated and thoroughly analyzed them.  *See* R. at 278, 301 n.5, 309, 320–21.

## III.    CONCLUSION

We affirm the district court's judgment.[1]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[1] We grant Cordova's motion to proceed on appeal without prepayment of costs or fees.